1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SEBASTIAN NORIEGA HERRERA,       )
                                 )      Case No. 2:16-cv-01933-KJD-CWH
                    Plaintiff,   )
                                 )      **ORDER**
vs.                              )
                                 )
SOCIAL SECURITY ADMINISTRATION,  )
                                 )
                    Defendant.   )
_____)

13    Presently before the court is Plaintiff Sebastian Noriega Herrera's Application for Leave to

14 Proceed *In Forma Pauperis* (ECF No. 1), filed on August 15, 2016.

15 **I.    *In Forma Pauperis* Application**

16    Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to

17 prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis*

18 will be granted.

19 **II.    Screening the Complaint**

20    Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under

21 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and

22 dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek

23 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal

24 for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under

25 Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To

26 survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a

27 claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court

28 liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA") denying benefits. Before filing suit, a plaintiff must exhaust administrative remedies. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

Once a plaintiff has exhausted administrative remedies, he can obtain judicial review of an SSA decision denying benefits by filing suit within sixty days after notice of a final decision. 42 U.S.C. § 405(g). An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of plaintiff's disability, when plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of plaintiff's disagreement with the SSA's determination and

1  show that plaintiff is entitled to relief.  A district court can affirm, modify, reverse, or remand a decision

2  if plaintiff has exhausted his administrative remedies and timely filed a civil action.  However, judicial

3  review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is

4  substantial evidence in the record as a whole to support the findings of the Commissioner; and

5  (b) whether the correct legal standards were applied.  *Morgan v. Commissioner of the Social Security*

6  *Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

7         Here, the court finds that Plaintiff failed to allege sufficient facts in support of his action for

8  judicial review of the Commissioner's decision.  Although Plaintiff states that he disagrees with SSA's

9  decision denying him benefits, he does not explain why he disagrees with the SSA's determination or

10  include any explanation of why he is entitled to relief.  Without written factual allegations stating the

11  reasons why Plaintiff challenges the SSA's decision denying benefits, the court cannot evaluate whether

12  Plaintiff's complaint states a claim against the Commissioner of SSA.  The court therefore will dismiss

13  Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint.

14         If Plaintiff chooses to file an amended complaint, the document must be titled "Amended

15  Complaint."  The amended complaint must state the nature of Plaintiff's disability, when Plaintiff

16  claims he became disabled, and when and how he exhausted his administrative remedies.  The amended

17  complaint also must contain a short and plain statement identifying the nature of Plaintiff's

18  disagreement with the determination made by the SSA and show that Plaintiff is entitled to relief.

19  Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must

20  give the Commissioner of Social Security fair notice of the reasons Plaintiff is seeking review of the

21  Commissioner's decision.

22         Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint

23  (ECF No. 1-1) no longer serves any function in this case.  As such, the amended complaint must be

24  complete in and of itself without reference to prior pleadings or other documents.  The court cannot

25  refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

26         IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma*

27  *Pauperis* (ECF No. 1) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action.

28  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any

additional fees or costs or the giving of a security for fees or costs.  This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this order.  Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: October 17, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**